IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JASON M. BRUCKBAUER,

        Petitioner,            ORDER

 v.

                            12-cv-239-wmc

WILLIAM POLLARD, Warden,
Waupun Correctional Institution,

        Respondent.

---

  Petitioner Jason M. Bruckbauer is an inmate in custody at the Waupun Correctional Institution. Bruckbauer has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a state court conviction and he has paid the filing fee.

  This case is currently before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This review shows that Bruckbauer challenges a conviction for first degree intentional homicide and possession of a firearm as a felon in Dane County Circuit Court Case Number 1998CF000993. Bruckbauer was convicted in that case and sentenced to life imprisonment on February 6, 1999.

  On direct appeal, Bruckbauer raised the following issues (1) the trial court erred by denying his motion to suppress an unduly suggestive photo identification; (2) the trial court erred by denying his motion for the jury to view the crime scene at night, when the offense occurred, rather than during daylight hours. The Wisconsin Court of Appeals rejected Bruckbauer's arguments and affirmed the conviction in an unpublished opinion. *See State v. Bruckbauer*, 2010 WI App 135, 329 Wis. 2d 710, 790 N.W.2d 543, 2010 WL 3389873 (Aug. 19, 2010). The Wisconsin Supreme Court denied his petition for review on December 7, 2010. Bruckbauer did not petition the United States Supreme Court for a writ of certiorari and he filed no other post-conviction motions for collateral review of his conviction

On March 26, 2012, Bruckbauer executed the pending petition for a writ of habeas corpus under 28 U.S.C. § 2254. This court received the petition on April 3, 2012. In that petition, Bruckbauer presents the same issues that were raised and rejected on direct appeal. Thus, Bruckbauer clearly exhausted his state court remedies for purposes of federal habeas corpus review. *See* 28 U.S.C. § 2254(b)(1). A question remains, however, about whether the petition is timely.

The petition in this case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, which was enacted on April 24, 1996. Under the AEDPA, all habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d)(1). The one-year limitations period is designed to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Carey v. Saffold*, 536 U.S. 214, 226 (2002). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

When a prisoner challenges the validity of a state court judgment, the statute of limitations typically begins to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Bruckbauer's conviction was entered in 1999, and direct review was delayed. The court of appeals explained that Bruckbauer's appellate rights were "reinstated in 2008 on the grounds of ineffective assistance of appellate counsel." *Bruckbauer*, 2010 WI App. 135, ¶ 1, n.1. The Wisconsin Supreme Court denied Bruckbauer's petition for review on December 7, 2010, meaning that his conviction became final ninety days later on March 7, 2011, when his

time to seek certiorari review with the United States Supreme Court expired. *See State v. Lagundoye*, 2004 WI 4, ¶ 20, 268 Wis. 2d 77, 94, 674 N.W.2d 526 ("A case is final if the prosecution is no longer pending, a judgment or conviction has been entered, the right to a state court appeal from a final judgment has been exhausted, and time for certiorari review in the United States Supreme Court has expired.") (citations omitted). That date triggered the AEDPA statute of limitations, which expired one year later on March 7, 2012. The pending federal habeas petition, which Bruckbauer executed and placed in the prison mailing system on March 26, 2012, is late by at least 19 days.

There are statutory exceptions to the one-year limitation period if any of the following circumstances are present: (1) the State has created an impediment to filing a petition; (2) the petition is based on a newly recognized constitutional right made retroactive by the Supreme Court; or (3) the claim is based on a new factual predicate, which new facts could not have been discovered with due diligence on an earlier date. *See* 28 U.S.C. § 2244(d)(1)(B)–(D). Likewise, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment" does not count toward the limitations period. 28 U.S.C. § 2244(d)(2).

An untimely petition may also be saved if grounds exist to equitably toll the limitation period. Equitable tolling of the limitation period may be warranted if "extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." *Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004) (citation omitted); *see also Moore v. Battaglia*, 476 F.3d 504, 506 (7th Cir. 2007). For this reason, the Supreme Court has cautioned that before raising the statute of limitations on its own initiative, a court must grant the petitioner

fair notice and afford him an opportunity to present his position. *Day v. McDonough*, 547 U.S. 198, 211 (2006). Accordingly, Bruckbauer will be directed to supplement the pleadings and to show cause why his petition is not barred from federal review by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1).

ORDER

IT IS ORDERED THAT:

1. Petitioner Jason M. Bruckbauer is directed to show cause, if any, by responding not later than November 13, 2012 why his petition should not be dismissed as barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1).

2. Petitioner Jason M. Bruckbauer is advised that, if he does not respond to this order as directed, then this case may be dismissed for want of prosecution without further notice under Fed. R. Civ. P. 41(b).

Entered this 12th day of October, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge